U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

Michael vicochea
   petitioner
      v.
Mr.Rardin warden
   FCI MILAN

Case: 4:25-cv-12317
Assigned To : Kumar, Shalina D.
Referral Judge: Morris, Patricia T.
Assign. Date : 7/29/2025
Description: HC MICHAEL VICOCHEA v. RARDIN
(LLH)

CASE NO.0971-416CROO382-007-HSG

MOTION DELARE 18.U.S.C. S 924(C) A NONVIOLENT OFFENSE FOR PURPOSE OF RDAP ELIGIBILITY AND TO COMPEL THE BUREAU OF PRISONS TO FOLLOW STATUTORY REQUIREMENTS.

Come now the defendant Michael Vicochea,proceeding pro se and respectfully moves the honorable court to declare that a violation of 18.U.S.C S3621(e)(2)(B) additionally,defendant seeks an order compelling the bureau of prison(BOP) to adhere to federal law and apply sentence reduction uniformly, with out arbitrary exclusion that exceed it statutory authority.

I.Introduction
Mr.Vicochea is currently incarcerated at FCI Milan under the custody of warden Milan has been in custody nearly a decade now on a non-violent offense. Under 18.U.S.C s 924(c) where the firearm was conceal in a room entirely separated from the marijuana cultivation room.He has committed no act of physical violence, did not brandish or use the weapon ,and has engaged in extensive programming and now is participating in the residential drug program (rdap)

The bop has determine he is ineligible for the rdap early release benefit solely because of his s 924(c) offense from early release eligibility lacks statutory support and violates the administrative procedure act by applying internal policy judgements inconsistent with federal law and supreme court precedent. Congress never stated that s 924(C) categorically disqualifies,and individual from the benefit, especially when the offense is non-violent and the firearm was non-violent and firearm was not possesed in a manner that posed any danger.

Recent supreme court precedent establishes that certain s 924(C) offenses do not qualify as crimes of violence,and therefore bop's denial or early release based on an outdated and overbroad interpretation is unlawful. Furthermore,the bop discretionary policy of excluding s 924(C) offenders violates federal law and is arbitrary and capricious under the administrative procedure act (APA),5 U.S.C S 706(2)(A)

II.background
Mr.Vicochea has been incarcerated nearly a decade and has taken full advantage of programming opportunity and it currently enrolled in the rdap program at FCI milan.Mr Vicochea is convicted of distribution of one pound of meth and when the federal government came to Mr.Vicochea premise to apprehend him they found marijuana grow room marijuana is legal in the state of California were Mr.vicochea case is out of,but it still remain federally illegal.So the weapon was conceal found in a different part of the house in a kitchen cabinet .He neither brandished nir used the weapon, and the circumstances did not involve physical force violence or any threat.Yet the bop has informed him that he will not be eligible for the one year sentence reduction afforded under 18.U.S.C S 3621 (E)(2)(b) upon (RDAP) completion ,based solely on his s 924(c) conviction.

III.Legal argument

A.United state V. Davis 139 S.ct 2319 (2019)

This ruling was significant because it narrowed the scope of crimes that could trigger a 924(c) conviction. Under thie ruling if a person charge with a 924(c) offense based on a conviction for a crime that is not considered "crime of violence"

B.united state V. Taylor. 142 S. ct (2022)

----

The 9th circuit ruled that a "crime of violence" under s 924(c) must involve substantial risk and physical force

C. United state V. walker .990 F.3rd 316 (4th cir. 2021)

D. United state V. Rodriguez, 2023 WL 2618845 (2d cir.2023)

The second circuit reafirmed that conspiracy to commit hobbs act robbery is not a crime of violence under S 924(c)

E. United state V. green, 2023 WL 2877340 (D.C.cir.2023)

reanforce that some non-violent drig pffenses do not meet the "crime of violence" standard

F. United state V. Dixon, 2022 WL 4461(N.D.Cal.jam.5)(2022)

Court granted compassion release release ro a 924(c) defendant where the firearm was not used or brandish

G. The Supreme court in Lopez V. Davis, 531 U.S.230(2001) upheld bop's discretion in excluding firearm offenders, but sebsequent case law (Arrington V. Daniels, 516 F3d 1106(9th cir. 2008) has found the bop must provide a rational basis for categorical exclusion

H. Serano V. Berkebile, 2012 WL5355734 at '(N.D. Tex.oct.3,2012),

the court reconizes that a prisoner convicted inder a 924(c) could still challenge RDAP exclusion of the bop failed why the individual's offense conduct warranted denial.

I. Downey V, Crabtree, 100F.3rd 662,667(9th.1996)

The court emphasized that the bop must distinguish between prisoner based on actual offense conduct not merely statutory label, the same apply to 924(c)

J. Berg V. Fed.bureau of prisons 2015 WL 3794936 (D.Minn 18,2015).

the court noted that "mere" possession of firearm in connection with a drug offense, does not necessarily imply violence

k. Snyder V. Fed bureau of prison, 386 F.supp 2d 661(E.D.Mich.2995)

bop's denial of RDAP benefit to non-violent offender is irrational under 2241

IV. CONCLUSION

Michael Vicochea is a non-violent offender who poses no risk to pupblic safety. He has Shown exceptional rehabilitation and deserves the full benefit of RDAP upon completion .THe BOP'S current stance is contrary to law by statute, and rooted in a misinterpretation 0f 924(c).Accordingly Mr.Vicochea respectfully ask this court to

1. Grant his his 2241 petition.

2. Order the bop to deem him eligible for the RDAP early release incentive upon successful program completion.

Respectfully submitted
Michael Vicochea

My name is Michael vicochea i am at FCI Milan were I'm partaking in the residential drug program (RDAP) i been incarcerated over 9 year now i have taken the opportunity to program and educate my self in every way as possible. So what leave me baffle is that this facility has stated even when i complete the program i will be ineligible for the time incentive given to those that complete the program. I have giving it my all to really try to change my life and that part of the reason i am writing you is because i know i have change through out the duration of my time. So it very frustrating when the staff at this facility state that i am here on a violent crime because i have a 924(c) charge. So my situation is this that i use to cultivate marijuana in California were I'm from but greed got the best of of me and i sold hard drug on the side,so when the federal government came to apprehend me at my house they found some grow rooms but in a separate part of the house in a kitchen cabinet they found a conceal weapon never brandish,or in possession or no physical force was ever taken place, and in all actuality i should never got convicted of a 924c in the first place because near proximity does not constitute as 924c and i got a lot of case law to back that up. So i feel the system is being bias and i should be eligible for the time incentive for the (RDAP) program. So I'm asking if you could please help out with this matter and grant me the relief on this because facts expose truth and the truth is i should be getting the time incentive like the rest of the non-violent offender. Thank you for reading this

FROM MICHAEL VICOCHEA

**BP-229 RESPONSE**                                              **CASE NUMBER: 1242564-F1**

Your Request for Administrative Remedy (BP-229), dated May 29, 2025, has been reviewed. Specifically, you request eligibility for 3621(e) early release benefits.

A review of the issue(s) raised in your BP-229 has been conducted. Our records indicate you were found ineligible for early release based on the Designation & Sentence Computation Center (DSCC) Legal Department's 3621(e) Offense Review (BP-A0942). According to the Offense Review, your conviction for carrying a firearm during and in relation to, or possessing a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)) precludes you from early release. You were precluded based on the cited regulations as well as section 3.a. of P.S. 5162.05. If your § 924(c) conviction is ever vacated, you could request an offense re-review then.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                                          ___6/27/2025_____
E. Rardin, Warden                                                Date

**BP-229 RESPONSE**                                      CASE NUMBER: 1242564-F1

Your Request for Administrative Remedy (BP-229), dated May 29, 2025, has been reviewed. Specifically, you request eligibility for 3621(e) early release benefits.

A review of the issue(s) raised in your BP-229 has been conducted. Our records indicate you were found ineligible for early release based on the Designation & Sentence Computation Center (DSCC) Legal Department's 3621(e) Offense Review (BP-A0942). According to the Offense Review, your conviction for carrying a firearm during and in relation to, or possessing a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)) precludes you from early release. You were precluded based on the cited regulations as well as section 3.a. of P.S. 5162.05. If your § 924(c) conviction is ever vacated, you could request an offense re-review then.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                              _6/27/2025_____
E. Rardin, Warden                                      Date

**BP-229 RESPONSE**                                    CASE NUMBER: 1242564-F1

Your Request for Administrative Remedy (BP-229), dated May 29, 2025, has been reviewed. Specifically, you request eligibility for 3621(e) early release benefits.

A review of the issue(s) raised in your BP-229 has been conducted. Our records indicate you were found ineligible for early release based on the Designation & Sentence Computation Center (DSCC) Legal Department's 3621(e) Offense Review (BP-A0942). According to the Offense Review, your conviction for carrying a firearm during and in relation to, or possessing a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)) precludes you from early release. You were precluded based on the cited regulations as well as section 3.a. of P.S. 5162.05. If your § 924(c) conviction is ever vacated, you could request an offense re-review then.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                              ___6/27/2025___
E. Rardin, Warden                                    Date

**U.S. Department Of Justice**        **Request For Administrative Remedy**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Michael Vicochea__  __23658-111__  __G__  __Milan__
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST**

I am challenging the decision that i am ineligible for early release under 18.U.S.C. § 3621(F) due to conviction under U.S.C § 924(c). My offense involve no physical force or brandish or possesion so i want to file a 2241 motion

__5-29-25__                               __[signature]__
DATE                                 SIGNATURE OF REQUESTER

**Part B - RESPONSE**

[Stamp: RECEIVED JUN 06 2025 BY: ___]

_____       _____
DATE                                 WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                         CASE NUMBER: __1242564-F1__

**Part C - RECEIPT**

                                                CASE NUMBER: _____

Return to: _____  _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____     _____
DATE                     RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR          PRINTED ON RECYCLED PAPER          BP-229(13) APRIL 1982

**U.S. Department Of Justice**      Request For Administrative Remedy
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Michael Vicocinell__  __12654-111__  __G__  __Milan__
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

### Part A - INMATE REQUEST

I am challenging the decision that I am ineligible for early release under 18 U.S.C. § 3621(f) due to conviction under U.S.C § 924(c). My offense involve no physical force or brandish or possess. I was not to Further info I areton notifie.

__5-29-25__        __[signature]__
DATE            SIGNATURE OF REQUESTER

### Part B - RESPONSE

RECEIVED JUN 05 2025 BY: [initials]

_____        _____
DATE            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE      CASE NUMBER: __1342564-F1__

### Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____        _____
DATE            RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR    PRINTED ON RECYCLED PAPER    BP-229(13) APRIL 1982

**U.S. Department Of Justice**           **Request For Administrative Remedy**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __McCormick, Michael__ __22650-111__ __G__ __Milan__
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST**

I am challenging the security point total assignment for my offense under 18 U.S.C. §1962(c) and the conviction under 18 U.S.C. §924(c). My offense involved no physical force or threats or weapons on actual or constructive possession of a firearm...

__5-24-25__          __/s/ Michael McCormick__
DATE                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED JUN 06 2025 BY: ___

---

DATE                     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE     CASE NUMBER: __1242564-F1__

**Part C - RECEIPT**

                                       CASE NUMBER: ___

Return to: ___
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: ___

---

DATE                     RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR     PRINTED ON RECYCLED PAPER     BP-229(13) APRIL 1982

Case 4:25-cv-12317-SDK-PTM   ECF No. 1, PageID.10   Filed 07/29/25   Page 10 of 12

M215133 Page 8
September 18, 2012
Page 7

5-19-25
ken

Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # _____

Inmate's Name: Michael Vicochea

Registration Number: 23658-111   Housing Unit: G

**ATTEMPT AT INFORMAL RESOLUTION:**

1. Briefly state the complaint and requested corrective actions.

I am challenging the decision that I am ineligible for early release under 18. U.S.C. §3621 (E) due to conviction under US.C. §924(c). My offense involved marijuana and a firearm stored separately in the home, and no physical force, threats, or violence occured. I have nearly completed my sentence and have extensive programing, and now im participating in the rdap program, I request that my case be reviewed individually and not denied based solely on a categorical exclusion. The firearm was not brandished, possessed during the offense conduct, or used in any way to further the drug offense. There is no public safety concern here, I am aware that some inmates with 924(c) convictions have been deemed eligible for early release when the facts do not show violence or firearm use and i ask that my case be reviewed with that in precedent in mind.

2. Document your efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

I have notify the warden and my case manager so now i have to take this avenue

Inmate Signature: /s/ Michael                    Date: 5-23-25
Inmate Printed Name: Michael Vicochea

Unit Counselor Signature: _____    Date: _____

Unit Counselor Printed Name: _____

Michael Vicochea
Register No. 23658-111
FCI Milan
P.O. Box 1000
Milan, MI 48160

Clerk of the Court
United States District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd, 5th Floor
Detroit, MI 48226

RE: 28 U.S.C. § 2241 Habeas Corpus Petition
Petitioner: Michael Vicochea
Register No: 23658-111
Institution: FCI Milan

Dear Clerk of the Court,

Please find enclosed for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of the above-named petitioner.

Enclosed, please find the following:

The original § 2241 petition and two (2) copies.

[ ] A money order in the amount of $5.00 made payable to "Clerk, U.S. District Court."

Thank you for your time and assistance.

Sincerely,
Michael Vicochea
Reg. No. 23658-111

