UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL VICOCHEA,

        Petitioner,

v.

ERIC RARDIN,

        Respondent.

Case No. 25-12317
Honorable Shalina D. Kumar
Mag. Judge Patricia T. Morris

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK OF THE COURT TO REFUND $ 400.00 OF THE FILING FEE TO PETITIONER, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Michael Vicochea ("Vicochea"), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Vicochea seeks relief from the Bureau of Prisons' (BOP) determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for his successful completion of a residential drug treatment program (RDAP) due to his conviction for carrying a firearm during and in relation to, or possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c).

For the reasons that follow, the petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE**.

1

I.     **BACKGROUND**

Vicochea pleaded guilty in the United States District Court for the Northern District of California to two drug offenses, possession of a firearm in relation to a drug trafficking crime, and money laundering. He was sentenced to 120-month concurrent sentences on the drug and money laundering counts, and received a consecutive 60 months sentence on the firearm conviction. *United States v. Vicochea,* No. 4:16-cr-00382 (N.D. Cal.).[1]

While incarcerated, Vicochea has successfully participated in residential drug treatment programming, but has been informed by the BOP that he is ineligible for a one year sentence reduction because of his prior conviction of carrying or possessing a firearm during the commission of a drug trafficking crime.

---

[1] https://cand-ecf.sso.dcn/doc1/035117870187. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). This Court is permitted to take judicial notice of companion criminal cases in a petitioner's case. *See e.g. United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).

## II.   DISCUSSION

**A. The petition.**

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001). Nonetheless, a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Id.,* at 796. Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). Vicochea's petition is subject to summary dismissal because it is facially insufficient to grant habeas relief. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 1994, Congress passed the Violent Crime and Control Act of 1994 ("Act"). Part of the Act directed the BOP to make appropriate substance abuse treatment available for each prisoner that the Bureau determines

3

has a treatable condition of substance abuse or addiction. 18 U.S.C. § 3621(b). As an incentive to get inmates to participate in these programs, Congress provided that:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

On October 9, 1997, the Bureau of Prisons adopted a revised 28 C.F.R. § 550.58. The revised regulation abandoned its earlier incorporation of the crime-of-violence definition in 18 U.S.C. § 924 (c)(3) and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program. 28 C.F.R. § 550.58(a)(1)(vi)(B) indicates that inmates whose current offense was a felony which involved "the carrying, possession or use of a firearm or other dangerous weapons or explosives" were not eligible for early release under § 3621 (e)(2)(B). 28 C.F.R. § 550.58 was made immediately effective on October 9, 1997, although it was not published in the Federal Register until October 15, 1997.

On December 22, 2000, the final version of 28 C.F.R. § 550.58 went into effect, after the BOP published notice in the Federal Register of

4

comments that it had received on the interim regulation § 550.58, any responses to it, and notice that the interim regulation would become final. The BOP also indicated that the interim rule contained in § 550.58 would become final as published. *See* 65 F.R. 80745.

On January 14, 2009, a new final rule was published in the Federal Register at 74 Fed. Reg. 1892-1901 and took effect on March 16, 2009. This new rule, 28 C.F.R. § 550.55, is essentially the same as 28 C.F.R. § 550.58, in that it indicates that inmates who are convicted of "[a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" are ineligible for the sentence reduction. 28 C.F.R. § 550.55(b)(5)(ii).

The United States Supreme Court has held that under § 3621(e)(2)(B), the BOP has the discretion to promulgate 28 C.F.R. § 550.58 and categorically deny early release to prisoners whose current offense was a felony attended by the carrying, possession, or use of a firearm. *See Lopez v. Davis*, 531 U.S. 230, 238-43 (2001). The U.S. Supreme Court found that § 3621(e)(2)(B) did not limit the considerations that the BOP could use to guide its decisions involving the early release of inmates following completion of drug treatment. Thus, the BOP was not

required to make only individualized determinations or to consider only an inmate's postconviction conduct in making the determination regarding a prisoner's eligibility for a sentence reduction. *Id.* at 240. The Supreme Court further held that the BOP could reasonably conclude that an inmate's prior involvement with firearms, in connection with a felony, suggested a readiness to resort to "life-endangering violence" that was relevant to the early release decision. *Lopez,* 531 U.S. at 244. Finally, the Supreme Court rejected the argument that the BOP was required under the statute to make a case-by-case assessment of eligibility for early release. *Id.* at 243-244.

Vivochea's conviction for unlawful possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c) rendered him ineligible for a sentence reduction based upon his successful completion of residential drug and alcohol program. *See Sanchez v. Tamez,* 330 F. App'x 497, 498 (5th Cir. 2009); *Hobbs v. Rios*, 215 F. App'x 773, 774 (10th Cir. 2007). However, he points to the Ninth Circuit case of *Arrington v. Daniels,* 516 F.3d 1106, 1113–14 (9th Cir. 2008), which held that the BOP's 2000 rule, insofar as it categorically excluded inmates convicted of firearm-possession offenses, was arbitrary and capricious under § 706(2)(A) of the Administrative Procedures Act (APA) because the agency failed to give a reasoned basis for its action. The Supreme Court in

6

*Lopez* declined to address this issue because it had not been raised in the lower courts. *See Lopez*, 531 U.S. at 244, n. 6.

The Sixth Circuit has held that the Supreme Court's reasoning in *Lopez* compelled the conclusion that 28 C.F.R. § 550.58 is neither arbitrary nor capricious, implying that it did not violate the APA. *See Harrison v. Lamanna*, 19 F. App'x 342, 342 (6th Cir. 2001). Additionally, the Ninth Circuit's decision in *Arrington* ignored 18 U.S.C. § 3625, which exempts the BOP's decision to deny the reduction of a sentence from the requirements of 5 U.S.C. § 706(A)(2). *Riopelle v. Eichenlaub*, No. 2:08-11754, 2008 WL 2949236, *2 (E.D. Mich. July 29, 2008) (citing 18 U.S.C. § 3625 providing that 5 U.S.C. § 706 "do[es] not apply to the making of any determination, decision or order" made by the BOP pursuant to the provisions of 18 U.S.C. §§ 3621 *et seq.*). Thus, this Court lacks jurisdiction, pursuant to 18 U.S.C. § 3625, to review Vicochea's claim that the BOP's enactment of § 550.58 violated the APA. *Id.*

In any event, in 2009 the BOP enacted 28 C.F.R. § 550.55 in response to the Ninth Circuit's holding in *Arrington.* As its rationale for the rule, the Bureau stated:

> The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public.

7

> Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.

> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms.

Drug Abuse Treatment Program: Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Consideration, 74 Fed. Reg. 1892, 1895 (Bureau of Prisons Jan. 14, 2009).

The Ninth Circuit in *Peck v. Thomas*, 697 F.3d 767, 772-73 (9th Cir. 2012), held that the BOP's updated regulation excluding inmates with firearm-related convictions from early release after completing residential drug treatment was valid under the APA in light of the BOP's finding that the commission of firearm offenses demonstrated a readiness on the part of the offender to endanger the public, and – in the correctional experience of the BOP – the offense conduct of both armed offenders and certain recidivists suggested they posed a particular risk to the public. For these reasons, Vicochea is not entitled to relief on his claim.

8

### B. The filing fee

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." However, the filing fee for a habeas action is $ 5.00. *See* 28 U.S.C. § 1914(a). Here, Vivochea paid $ 405.00 dollars to file his petition. Accordingly, the Court directs the Clerk of Court to refund the filing fee paid by Vivochea, minus the $5.00 filing fee for a habeas action. *See Holbrook v. Michigan*, No. 20-10205, 2020 WL 1698663, at *2 (E.D. Mich. Apr. 8, 2020).

### III. Conclusion

**IT IS ORDERED** that Vicochea's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of the Court is **DIRECTED** to refund $ 400.00 of the filing fee to Vicochea.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Vicochea need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of

9

his habeas petition. The Court **GRANTS** him leave to appeal *in forma pauperis* because any appeal could be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Dated: October 23, 2025

s/Shalina D. Kumar
Hon. Shalina D. Kumar
United States District Judge